# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CEDRIC DEVON LOWE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:17-cv-01104-MHH-GMB ) |
| WARDEN CYNTHIA STEWART, *et al.*, | ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

In this action, petitioner Cedric Devon Lowe seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Mr. Lowe is handling this matter himself; he is not represented by counsel. On July 30, 2020, the magistrate judge assigned to this case entered a report in which he recommended that the Court deny Mr. Lowe's habeas petition. (Doc. 17). Mr. Lowe filed objections to the report. (Doc. 20).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). In *United States v. Raddatz*, 447 U.S. 667 (1980), the United

States Supreme Court held that a district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give fresh consideration to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976) (emphasis omitted)).

In his objections, Mr. Lowe discusses the state appellate procedures in his case and describes at length the error that he believes the state trial court committed in admitting evidence of other bad acts. (Doc. 20, pp. 6-9). Mr. Lowe argues that the "only purpose" the prior bad acts evidence served was "to inflame and prejudice the minds of the jury" against him. (Doc. 20, p. 9). Even if that is so, Mr. Lowe is not entitled to federal habeas relief because he did not raise a federal constitutional challenge to the state trial court's admission of the collateral acts evidence in the trial court or on appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court. Instead, Mr. Lowe challenged this evidence only under Alabama Rule of Evidence 404(b). (*See* Doc. 4-1, pp. 21–24; Doc. 4-5, pp. 3–5; Doc. 4-21, pp. 53–54; Doc 4-23, pp. 7–13). Therefore, his request for federal habeas relief based on the alleged Sixth and Fourteenth Amendment errors in the state trial proceedings is procedurally defaulted. *See* Doc. 17, pp. 9-10 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)).

Mr. Lowe also objects to the magistrate judge's order denying his request for a new, free copy of the records from his state court proceedings. Mr. Lowe argues that state corrections officers improperly took his first copy of the state court records and that the magistrate judge's refusal to provide a new copy of the records at no charge compromised his ability to present his federal habeas claims in violation of his rights under the First and Fourteenth Amendments to seek redress of grievances. (Doc. 20, pp. 2–5). The magistrate judge notified Mr. Lowe that copies of the record in this matter were available at a cost of $0.50 per page, (Doc. 14, p. 2, n. 2), and the magistrate judge indicated that "upon the filing of an amended petition, [he would] consider whether to direct Respondents to file a response and/or to submit pertinent state-court records." (Doc. 14, p. 4).

Even if Mr. Lowe could establish that the magistrate judge should have provided him with a free second copy of the state court records, the copy of the records ultimately would not help Mr. Lowe achieve the relief he seeks because the fact that undermines his Sixth and Fourteenth Amendment challenges to his state court conviction is a fact of omission. As discussed, Mr. Lowe's failure to object on the basis of federal constitutional law to the prior bad act evidence introduced against him renders the details of that evidence irrelevant for purposes of his federal habeas

petition.[1]  In his objections, Mr. Lowe does not challenge the magistrate judge's analysis of his *Miranda* argument, and the facts relating to that argument are undisputed, so a copy of the record would not have helped Mr. Lowe present that issue in his habeas petition.

For these reasons, the Court overrules Mr. Lowe's objections to the magistrate judge's report and recommendation.  The Court adopts the magistrate judge's finding that Mr. Lowe's Sixth and Fourteenth Amendment challenges to his state court conviction are procedurally defaulted, and the Court adopts the magistrate judge's analysis of Mr. Lowe's *Miranda* challenge to the admission of his statement concerning his possession of a gun on the day of the shooting at issue in the state court proceeding.  By separate order, the Court will dismiss this habeas proceeding with prejudice and will not issue a certificate of appealability.

**DONE** and **ORDERED** this September 23, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Lowe provided a detailed description of much of the significant state court evidence in his objections to the magistrate judge's report and recommendation.  (Doc. 20, pp. 13-18).